UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC DAVID MILLS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF PALO ALTO, et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-03330-JSW<br><br>**ORDER OF SERVICE** |

**INTRODUCTION**

Plaintiff, a California prisoner proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983 against the City of Palo Alto, the Palo Alto Police Department ("PAPD"), and five PAPD Officers. He has been granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is ordered served on Defendants based on Plaintiff's cognizable claims.

**ANALYSIS**

**A.　STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon

which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   LEGAL CLAIMS**

Plaintiff alleges that PAPD Officers E. Gonzales, Daniel Cuevas, John Zalac, Paul Chamberlain, and C. Conde, were involved in his arrest for gun possession and indecent exposure on January 30, 2021. The charges were dismissed on June 14, 2021, for lack of evidence. He was incarcerated in the Santa Clara County Jail from the date of his arrest until June 25, 2021, 11 days after the charges were dismissed. He claims false arrest, malicious prosecution, false imprisonment, tampering with and fabrication of evidence, making false police reports, perjury, negligence, by these officers and the City of Palo Alto.[1] When liberally construed, the Court finds Plaintiff's allegations to state cognizable claims against Defendants for the violation of federal and state law.

**CONCLUSION**

For the foregoing reasons,

1.   The complaint, when liberally construed, states valid claims for relief against the City of Palo Alto, Palo Alto Police Officer E. Gonzales (badge number 8793), Palo Alto Police

---

[1] The Court assumes that the Palo Alto Police Department, which Plaintiff also names as a Defendant, is not a separate municipal entity from the City of Palo Alto. The City of Palo Alto shall advise the Court as to whether or not this is true.

2

Officer Daniel Cuevas (badge number 8320), Palo Alto Police Officer John Zalac (badge number 8002), Palo Alto Police Officer Paul Chamberlain, and Palo Alto Police Officer C. Conde (badge number 7816).

2.     The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint with attachments, and a copy of this order on **the City of Palo Alto, Palo Alto Police Officer E. Gonzales (badge number 8793), Palo Alto Police Officer Daniel Cuevas (badge number 8320), Palo Alto Police Officer John Zalac (badge number 8002), Palo Alto Police Officer Paul Chamberlain, and Palo Alto Police Officer C. Conde (badge number 7816).**

The Clerk shall also mail a courtesy copy of the complaint with all attachments and a copy of this order to the City of Palo Alto City Attorney's Office County Counsel's Office.

3.     Defendant shall file an answer in accordance with the Federal Rules of Civil Procedure.

4.     To expedite the resolution of this case:

a.  No later than **91** days from the date this order is issued, Defendant shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

b.  At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

c.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendant no later than **28 days** from the date the motion is filed.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

      d. Defendant shall file a reply brief no later than **14** days after the opposition is filed.

      e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

5. All communications by Plaintiff with the Court must be served on Defendant or their counsel once counsel has been designated, by mailing a true copy of the document to Defendant or his counsel.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: July 19, 2023

                                                                             JEFFREY S. WHITE
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.