UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC DAVID MILLS,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF PALO ALTO, et al.,<br><br>    Defendants. | Case No. 23-cv-03330-JSW<br><br>**ORDER DIRECTING SERVICE; OF PARTIAL DISMISSAL; SCHEDULING DISPOSITIVE MOTION** |

Plaintiff, a California prisoner proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983 against the City of Palo Alto, the Palo Alto Police Department ("PAPD"), and five PAPD Officers. The complaint was ordered served upon Defendants City of Palo Alto, Palo Alto Police Officer E. Gonzales (badge number 8793), Palo Alto Police Officer Daniel Cuevas (badge number 8320), Palo Alto Police Officer John Zalac (badge number 8002), Palo Alto Police Officer Paul Chamberlain, and Palo Alto Police Officer C. Conde (badge number 7816), all of whom have appeared.

Plaintiff has filed an amended complaint against these Defendants and the following new Defendants: Palo Alto Police Officer Webber (badge number 8733). Palo Alto Police Officer Sullivan, Palo Alto Police Officer Stephens, the County of Santa Clara, the Santa Clara County Sherriff's Office, the Santa Clara County District Attorney, the County of Stanislaus, the Stanislaus County Sherriff's Department, Stanislaus County Sherriff's Department employee Dalton Gonzales (badge number S01158), and the Stanislaus County District Attorney.

The Court has reviewed the amended complaint under 28 U.S.C. § 1915A. The amended complaint, when liberally construed, states cognizable claims under Section 1983 and state law for false arrest, malicious prosecution, and false imprisonment against the Defendants who have

already been served and appeared, as well as the following new Defendants: Palo Alto Police Officer Webber (badge number 8733), Palo Alto Police Officer Sullivan, Palo Alto Police Officer Stephens, the County of Santa Clara,[1] and the Santa Clara County District Attorney. The United States Marshal is accordingly ordered to serve these Defendants, below.

The claims against the Stanislaus County Defendants (Stanislaus County, the Stanislaus County Sherriff's Department, Stanislaus County Sherriff's Department employee Dalton Gonzales (badge number S01158), and the Stanislaus County District Attorney) are not properly joined in this case. *See* Fed. R. Civ. P 18, 20. The claims against them arise from a different prosecution on different charges arising from different facts than the charges that were the basis of Plaintiff's arrest, prosecution, and imprisonment by the Palo Alto and Santa Clara County defendants. Accordingly, those claims will be dismissed without prejudice to filing in a separate case in the United States District Court for the Eastern District of California, which is the proper venue for such claims. *See* 28 U.S.C. § 84.

For the foregoing reasons,

1. The claims against Stanislaus County, the Stanislaus County Sheriff's Department, the Stanislaus County Sherriff's Department employee Dalton Gonzales (badge number S01158), and the Stanislaus County District Attorney are DISMISSED without prejudice to filing them in a separate case in the United States District Court for the Eastern District of California.

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the first amended complaint (ECF No. with attachments, and a copy of this order on **Palo Alto Police Officer Webber (badge number 8733), Palo Alto Police Officer Sullivan, Palo Alto Police Officer Stephens, the County of Santa Clara, and the Santa Clara County District Attorney**.

The Clerk shall also mail a courtesy copy of the amended complaint with all attachments and a copy of this order to the Santa Clara County Counsel's Office in addition to the attorney for

---

[1] The Court assumes the Santa Clara County Sheriff's Department, which Plaintiff names as a separate Defendant from the County of Santa Clara, is not in fact a separate municipal entity. The County of Santa Clara shall advise the Court as to whether or not this is true.

the Defendants who have already appeared.

3. Defendants shall file an answer in accordance with the Federal Rules of Civil Procedure.

4. To expedite the resolution of this case:

a. No later than **91** days from the date this order is issued, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **28 days** from the date the motion is filed. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

d. Defendants shall file a reply brief no later than **14** days after the opposition is filed.

e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

**IT IS SO ORDERED.**

Dated: October 6, 2023

_____
JEFFREY S. WHITE
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.