United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC DAVID MILLS, | Case No.  23-cv-03330-JSW |
| Plaintiff, | **ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; DENYING MOTIONS TO DISMISS AND FOR PHOTOCOPIES; DISMISSING CERTAIN CLAIMS; ORDERING DISCLOSURE OF DOCUMENTS AND PROTECTIVE ORDER; SCHEDULING SUMMARY JUDGMENT BRIEFING; INSTRUCTIONS TO CLERK** |
| v. | |
| CITY OF PALO ALTO, et al., | |
| Defendants. | Dkt. Nos. 31, 38, 43, 64, 66 |

## INTRODUCTION

Plaintiff, an inmate in county jail, filed this civil rights case under 42 U.S.C. § 1983 against the County of Santa Clara,[1] the City of Palo Alto, and several Palo Alto Police Officers.  Now before the Court are three motions to dismiss the First Amended Complaint ("FAC") for failure to state a cognizable claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure[2] and Plaintiff's motion for leave to file a proposed Second Amended Complaint ("SAC").  The parties have opposed each other's motions and filed reply briefs.  For the reasons explained below, Plaintiff's motion for leave to file the SAC is GRANTED, and the motions to dismiss are DENIED.  Based upon a review of the SAC under 28 U.S.C. § 1915A(a), the Court concludes it

---

[1] Plaintiff named the County of Santa Clara Office of the Sheriff and County of Santa Clara District Attorney as Defendants, but as they are part of the County of Santa Clara and not separate municipal entities, they are referred to herein as Santa Clara County.

[2] Santa Clara County filed one motion, one was filed by Defendants City of Palo Alto ("Palo Alto"), and Palo Alto Police Officers E. Gonzales, Daniel Cuevas, John Zalac, C. Conde, Paul Chamberlin, and one was filed by Defendants Palo Alto Police Officers Webber, Sullivan, and Stephens.

states a cognizable claim for relief against Defendants Cuevas and Webber for fabricating evidence, and all of the other claims are DISMISSED without leave to further amend for failure to state a cognizable claim for relief.  The Court further orders production of certain documents subject to protective limits, as well as a schedule for summary judgment briefing.

**BACKGROUND[3]**

Plaintiff was arrested pursuant to a warrant on January 30, 2021, in Palo Alto, California, for indecent exposure, gun possession by a felon, ammunition possession, and possession of methamphetamine for sale.  He was arrested at the home of Jessica Navarro.  Defendant Officer Gonzales conducted a pat down search and discovered cash, handcuff keys, and a "surveillance . . . listening device" in Plaintiff's possession.  Defendants Officers Zalac, Cuevas, Gonzales, Stephens, and Sullivan searched Navarro's apartment.  Plaintiff alleges Cuevas and Zalac took a photograph of methamphetamine found on Navarro's dresser with money found in Plaintiff's wallet.  Plaintiff alleges Navarro had a history of and prior convictions for selling drugs, while Plaintiff did not.  At the direction of Gonzales, Navarro opened her safe inside of which were an empty pink gun holster labeled "Girls with Guns" and ammunition that, according to Plaintiff, belonged to Navarro.  Gonzales did another pat-down search of Plaintiff and found a key fob that Plaintiff alleges Navarro had "planted" on him.

Gonzales unlocked Plaintiff's car, where Cuevas found a gun on the driver's seat and Webber found cellphones in the trunk.  Plaintiff alleges the gun was not his, and Navarro, Cuevas, or another woman (not named as a Defendant) "planted" it in his car.  Plaintiff alleges Cuevas rubbed the gun on the driver's seat to put Plaintiff's DNA material on it.  A later analysis of the gun, according to Plaintiff, indicated two unidentified parties contributed to DNA found on the gun.  The phones were from Navarro's apartment, but Webber had "planted' them in his car.

---

[3] This background is based upon the allegations in the SAC and documents filed in Plaintiff's state court criminal proceedings, of which the Court takes judicial notice.  Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).  Court orders and other court documents are proper subjects of judicial notice, *see id.*, as are records of court proceedings, *see Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).  A court "may take judicial notice on its own" or after a party requests that it do so.  Fed. R. Evid. 201(c).

United States District Court
Northern District of California

1 │ Plaintiff was held in Santa Clara County Jail until June 2023, when his charges were dismissed.

2 │      Plaintiff was subsequently charged and convicted for committing murder and possessing a

3 │ gun on January 1, 2021, in Stanislaus County.  Those crimes occurred on January 1, 2021, .  The

4 │ gun supporting that conviction was the same gun that he was charged with possessing in Santa

5 │ Clara County on January 30, 2021.  Plaintiff named several Stanislaus County defendants in his

6 │ original complaint, but those Defendants were dismissed and are not included in the SAC.

7 │      The SAC adds the following new Defendants not included in the FAC: two Santa Clara

8 │ County Deputy District Attorneys, Tamara Cool and McKeown, as well as Jessica Navarro as a

9 │ Defendant.  The SAC drops Officer Conde, who had been named as a Defendant in the FAC.

**STANDARD OF REVIEW**

I.    Screening Standard

     Federal courts must engage in a preliminary screening of cases in which prisoners seek

redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of

the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief

may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.*

§ 1915A(b).  Pleadings filed by unrepresented parties must be liberally construed.  *Balistreri v.*

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

     Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon

which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although to state

a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to

provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must

be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (citations omitted).  A complaint must proffer "enough facts to state a claim for

relief that is plausible on its face."  *Id.* at 570.

United States District Court
Northern District of California

1    A pleading filed by a party unrepresented by counsel must be liberally construed, and

2    "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

3    by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations and citations

4    omitted).  A pro se complaint must be liberally construed and "may be dismissed for failure to

5    state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in

6    support of his claim which would entitle him to relief." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205

7    (9th Cir. 2007) (citations and internal quotation marks omitted).

8                                              **DISCUSSION**

9    I.    <u>Amendment</u>

10        Plaintiff seeks leave to file a SAC to add and delete certain causes of action and

11   defendants.  He states the SAC consists of "all of the correct claims that I wish to pursue" and "to

12   correct" the "deficiencies" in the FAC.  (ECF No. 64 at 2.)

13        Federal Rule of Civil Procedure 15(a) provides:

14        (1) **Amending as a Matter of Course.**   A party may amend its
          pleading once as a matter of course within:
15            (A) 21 days after serving it, or
              (B) if the pleading is one to which a responsive pleading is
16            required, 21 days after service of a responsive pleading or 21
              days after service of a motion to dismiss under Rule 12(b),
17            (c), or (f), whichever is earlier.
          (2) **Other Amendments.**   In all other cases, a party may amend its
18        pleading only with the opposing party's written consent or the court's
          leave.  The court should freely give leave when justice so requires.
19
20   Rule 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely

21   given when justice so requires.  *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir.

22   1994).  "In the absence of any apparent or declared reason – such as undue delay, bad faith or

23   dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of

24   allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules

25   require, be freely given." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1073 (9th Cir. 2012)

26   (internal quotations and citations omitted).

27        As the SAC sets forth the claims Plaintiff wishes to pursue and deletes those he does not,

28   the interests of justice are best served by allowing him leave to file it.  The SAC is not an exercise

United States District Court
Northern District of California

4

United States District Court
Northern District of California

in futility insofar as it does set forth a cognizable claim, as discussed below, and it also removes claims and at least one Defendant that Plaintiff does not want to pursue.  Moreover, filing the SAC does not cause undue delay or prejudice to Defendants.  The only claim in the SAC the Court concludes is cognizable, as discussed below, remains essentially unchanged from the FAC, so the Court discerns no more prejudice to Defendant by allowing Plaintiff to proceed with the SAC than if the SAC were not allowed.  Leave to file the SAC is granted.  No further amendment will be allowed as Plaintiff has now had two opportunities to correct deficiencies in his complaint by amendment, as well as with the benefit of Defendants' arguments as to why his claims were not sufficiently pled in the FAC.

The SAC entirely supersedes the FAC.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (amended complaint supersedes prior version of complaint).  In light of this, the motions to dismiss the FAC are now moot.  Nonetheless, the Court has considered the arguments and judicially noticeable documents submitted with those motions, in addition to those in Defendants' opposition to the motion for leave to file the SAC, in its analysis of the claims in the SAC to the extent they are similar to claims brought in the FAC.

II.   Legal Claims

The SAC brings claims for false arrest and imprisonment[4], fabrication of evidence, unlawful search, conspiracy, malicious prosecution, and violation of speedy trial rights.

1.   False Arrest/False Imprisonment

Plaintiff has not alleged a cognizable claim for false arrest.  A claim of false or unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment's prohibition against unreasonable search and seizure if the allegation is that the arrest was without probable cause or other justification.  *See Pierson v. Ray*, 386 U.S. 547, 555-558 (1967).  "Probable cause to arrest exists when there is a 'fair probability or substantial chance of criminal activity' by the arrestee

---

[4] Plaintiff also brings a claim called "judicial deception" which is based on allegations that Defendants made false representations in the arrest warrant.  These allegations are also the basis for, and addressed in connection with, his claims for unlawful arrest and imprisonment.  The Court is not aware of any authority recognizing an independent claim for "judicial deception" under Section 1983 or state law.

United States District Court
Northern District of California

based on the totality of the circumstances known to the officers at the time of arrest." *Vanegas v. City of Pasadena*, 46 F.4th 1159, 1164 (9th Cir. 2022) (quoting *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 918 (9th Cir. 2012) (en banc)). This "is not a high bar: It requires only the kind of fair probability on which reasonable and prudent people, not legal technicians, act." *Kaley v. United States*, 571 U.S. 320, 338 (2014) (cleaned up). The probable cause for the arrest of Plaintiff was his arrest warrant. Plaintiff's allegations that Defendants made false and malicious statements in the warrant are conclusory. He does not explain what statements were false and malicious, or how they were false or malicious. Furthermore, bindles of methamphetamine and sale baggies, as well as ammunition, were found in the same location as Plaintiff, which provides probable cause to arrest him for possession for sale of drugs and ammunition. Plaintiff's allegations that these items in fact belonged to Navarro do not mean that the officers could not have reasonably believed there was a "fair probability" they belonged to him. There also evidence (i.e. the key found on him and in a vehicle search) that he was associated with the car where the officers found a gun, which provided probable cause to believe he was as an active parolee in possession of a firearm. Plaintiff's allegations that the drug and gun evidence was "planted" by Defendants does not negate the evidence of ammunition found in Navarro's apartment. In addition, Plaintiff was a convicted felon on active parole with multiple felony warrants, which would provide probable cause for his arrest even if it is assumed true that the evidence of the gun and drugs was planted. Plaintiff's assertion that these warrants were false, once again, does not mean the Defendants knew they were false such that they did not constitute probable cause for his arrest. In sum, under the totality of the circumstances alleged and judicially noticeable, there was probable cause for Defendants to arrest him, and he has not stated a cognizable claim for unlawful arrest.

Plaintiff's claim of false imprisonment is a state-law claim that the California Supreme Court has defined as the violation of the personal liberty of another without lawful privilege. *See Asgari v. City of Los Angeles*, 15 Cal. 4th 744, 752 n.3 (1997). "'The elements of a claim of false arrest or false imprisonment are: (1) the non-consensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief.'" *Tekle v. United States*, 511 F.3d 839, 851 (9th Cir. 2007) (quoting *Easton v. Sutter Coast Hosp.*, 95 Cal.

6

Rptr. 2d 316, 323 (Ct. App. 2000)).  Under California Penal Code § 847, "no cause of action shall arise against any peace officer . . . , acting within the scope of his or her authority, for false arrest or false imprisonment arising out of any arrest when . . . [t]he arrest was lawful . . . ."  *See, e.g., Blankenhorn v. City of Orange*,  485 F.3d 463, 486-87 (9th Cir. 2007) (arresting officers entitled to immunity pursuant to § 847(b) on state law false imprisonment claim where arresting officers had probable cause to arrest plaintiff for trespassing and acted within the scope of their authority under state law, therefore arrest was lawful).  As Plaintiff has failed to sufficiently plead the arrest was unlawful (or lacked probable cause), he has not sufficiently pled a false imprisonment claim.  Furthermore, the claim for false imprisonment is not cognizable for the reasons discussed below with respect to Plaintiff's state law claims generally.

### 2. Fabrication of Evidence

There is a "clearly established due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001).  To prevail on a section 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty.  *Spencer v. Krause*, 857 F.3d 789, 798 (9th Cir. 2017).

Plaintiff's allegations that Gonzalez, Cuevas, and Zalac, fabricated evidence by taking photographs of methamphetamine bindles and money together does not allege a plausible claim for fabrication of evidence because he alleges no facts plausibly showing how the *photograph* of these items together, as opposed to the items themselves all being found in the same place as Plaintiff, caused him to be arrested charged, detained, or otherwise deprived of liberty.  Plaintiff's allegation that Cuevas fabricated evidence by planting the gun and causing his DNA material to be on the gun, when liberally construed, states a cognizable claim for the fabrication of evidence that was used to arrest and prosecute him for possessing a gun on January 30, 2021.[5]  Plaintiff's

[5] For the reasons discussed below, Plaintiff's claim against Navarro for planting evidence is not cognizable under Section 1983, either on a theory that she conspired with police officers or against her directly.

United States District Court
Northern District of California

1  allegation that Webber planted cellphones in Plaintiff's car to obtain his conviction "in another

2  county," even when liberally construed, does not state a cognizable claim for relief because the

3  SAC does not allege facts showing how such cellphone evidence was relied upon for his

4  prosecution, conviction, or to deprive him of liberty.

5      3. Conspiracy

6      Plaintiff's conspiracy claim is not an independent grounds for relief because it is not itself

7  a constitutional tort under 42 U.S.C. § 1983.  *Lacey v. Maricopa County*, 693 F.3d 896, 935 (9th

8  Cir. 2012) (en banc).  Conspiracy may, however, enlarge the pool of responsible defendants, such

9  as private parties in a Section 1983 actin, by demonstrating their causal connection to the

10  violation; the fact of the conspiracy may make a party liable for the unconstitutional actions of the

11  party with whom he has conspired.  *Id.*  To prove a civil conspiracy, the plaintiff must show that

12  the conspiring parties reached a unity of purpose or common design and understanding, or a

13  meeting of the minds in an unlawful agreement.  *Gilbrook v. City of Westminster*, 177 F.3d 839,

14  856 (9th Cir. 1999).  To be liable, each participant in the conspiracy need not know the exact

15  details of the plan, but each participant must at least share the common objective of the

16  conspiracy.  *Id.*  A defendant's knowledge of and participation in a conspiracy may be inferred

17  from circumstantial evidence and from evidence of the defendant's actions.  *Id.* at 856-57.

18      As noted Plaintiff adds Jessica Navarro, a private party, as a Defendant in the SAC.  He

19  alleges she conspired with the Defendant police officers to have him arrested and to plant

20  incriminating evidence on him and in his car.  However, Plaintiff makes only conclusory

21  allegations regarding the elements of a conspiracy, i.e. that there was an "agreement and a meeting

22  of the minds" between them.  The SAC does not allege, for example, that they knew each other,

23  how they knew each other, or when or how they reached an agreement.  Therefore, even when

24  liberally construed, the SAC does not allege facts that, if true, would plausibly establish that they

25  had a unity of purpose, a common design and understanding, or a meeting of the minds.

26  Consequently, the Plaintiff has alleged a cognizable theory of liability for Defendant Navarro

27

28

8

1    based upon a conspiracy with the other Defendants.[6]

2         4.  Unlawful Search

3         Plaintiff claims Defendants engaged in an unlawful search of his car.  The Fourth

4    Amendment protects persons against "unreasonable searches and seizures."  U.S. Const. amend.

5    IV.  The Fourth Amendment "secures the persons, houses, papers and effects of the people against

6    unreasonable searches and seizures, and requires the existence of probable cause before a warrant

7    shall issue.  Our cases hold that procedure by way of a warrant is preferred, although in a wide

8    range of diverse situations we have recognized flexible, common-sense exceptions to this

9    requirement."  *Texas v. Brown*, 460 U.S. 730, 742 (1983) (citing cases establishing exceptions to

10   warrant requirement and "intrusions less severe than full-scale searches or seizures" that do not

11   necessitate a warrant).  Probable cause means "more than a bare suspicion; it exists when the

12   officer's knowledge of reasonably trustworthy information is sufficient to warrant a prudent

13   person to believe that an offense has been or is being committed."  *Graves v. City of Coeur*

14   *D'Alene*, 339 F.3d 828, 841 (9th Cir. 2003).

15        Plaintiff has not alleged sufficient facts that, if true, would indicate Defendants engaged in

16   unlawful searches.  Defendants had probable cause to search Plaintiff's car for evidence because

17   there was sufficient reasonably trustworthy evidence in Navarro's home where Plaintiff was

18   located of a gun holster, ammunition, methamphetamine, and drug sale baggies such that a prudent

19   person would believe that there would be additional evidence of drug or gun possession or drug

20   sales in Plaintiff's car.  Plaintiff has failed to state a cognizable claim for an unlawful search

21   because he has not alleged enough facts to plausibly support his claim that the search of his car

22   lacked probable cause.[7]

23

24

25   _____

     [6] As a private individual, Navarro is not a state actor who can be held liable under Section 1983
26   based upon her own alleged actions in planting evidence.  *See Gomez v. Toledo*, 446 U.S. 635, 640
     (1980).
27   [7] Plaintiff lacks standing to bring a claim for unlawful searches of Navarro's home and safe.
     *Alderman v. United States*, 394 U.S. 165, 174 (1969) (Fourth Amendment rights are "personal
28   rights which, like some other constitutional rights, may not be vicariously asserted.").

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

United States District Court
Northern District of California

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5.  <u>Malicious Prosecution</u>

Plaintiff claims the Santa Clara County District Attorney and two prosecutors in the

District Attorney's Office, Cool and McKeown, engaged in a malicious prosecution of him for the

charges stemming from his arrest on January 30, 2021.  Under the doctrine of state sovereign

immunity, states and arms of the state are immune from suits authorized by federal law.  *Northern*

*Ins. Co. of New York v. Chatham County, Ga.*, 547 U.S. 189, 193 (2006).  District attorneys are

state officials for the purposes of § 1983, and if the state has not consented to be sued, the

prosecutor is entitled to sovereign immunity and may not be sued for monetary damages when

acting in their prosecutorial capacity.  *Del Campo v. Kennedy*, 517 F.3d 1070, 1073 (9th Cir.

2008).  The State of California has not consented to be sued by Plaintiff.  Therefore the County of

Santa Clara as the legal entity that encompasses the Santa Clara County District Attorney, as well

as the prosecutors Cool and McKeown in their official capacity, have sovereign immunity from

Plaintiff's claims.

These Defendants also have prosecutorial immunity in their individual capacities from the

alleged malicious prosecution.  A state prosecuting attorney enjoys absolute immunity from

liability under 42 U.S.C. § 1983 for her conduct in "pursuing a criminal prosecution" insofar as

she acts within his role as an "advocate for the State" and her actions are "intimately associated

with the judicial phase of the criminal process."  *Imbler v. Pachtman*, 424 U.S. 409, 430-31

(1976).  Although prosecutors are entitled only to qualified immunity when they perform

investigatory or administrative functions, *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993),

Plaintiff's allegations that prosecutors violated his rights by initiating charges that were false,

delaying his preliminary hearing, bringing him for an untimely arraignment, prosecuting him

based upon insufficient evidence, and sought to keep him in custody while the charges were

pending, are clear prosecutorial activities "intimately associated with the judicial phase of the

criminal process."  *Imbler*, 424 U.S. at 430.  Plaintiff alleges these functions were administrative,

but these allegations are wholly conclusory and as such insufficient to state a cognizable claim for

relief.

To the extent the "malicious prosecution" claim is based upon claims that the police officer

10

1   Defendants gave false testimony in his preliminary or other pretrial hearings, such officers are

2   absolutely immune from liability for testimony, even for allegedly perjured testimony, given such

3   hearings.  *See Burns v. Cty. of King*, 883 F.2d 819, 821 (9th Cir. 1989) ("witnesses are absolutely

4   immune from suits for damages under 42 U.S.C. § 1983 for testimony given at trial, or for

5   testimony given during adversarial pretrial proceedings").

6         Plaintiff has not stated a cognizable claim for relief for malicious prosecution.

7         6.   <u>Speedy trial</u>

8         Plaintiff claims Cool and McKeown violated his speedy trial rights by delaying his

9   preliminary hearing past 60 days and delaying his arraignment past 48 hours, time limits required

10  by state law.  The Court is aware of no authority that there is a cause of action for money damages

11  for a violation of speedy trial rights under § 1983 or under state law.  *See, e.g.*, *Hagos v. King*

12  *Cnty. Superior Ct.*, No. C22-0928-JCC, 2022 WL 3577422, at *1–2 (W.D. Wash. Aug. 19, 2022)

13  (dismissing complaint asserting speedy trial violation under 42 U.S.C. § 1983).  In addition, for

14  the reasons discussed above, these Defendants have immunity.  Accordingly, Plaintiff has not

15  stated a cognizable claim against for the violation of his speedy trial rights.

16        7.   <u>State law claims</u>

17        Plaintiff's state-law claims are barred because he has not alleged he has not presented a tort

18  claim to both Santa Clara County and Palo Alto in accordance with California Government Code §

19  900 et seq. before filing suit.  The Government Claims Act requires that a tort claim against a

20  public entity for personal injury must be presented within six months from the date the cause of

21  action accrued.  Cal. Gov't. Code § 911.2.  "The filing of a claim is a condition precedent to the

22  maintenance of any cause of action against the public entity and is therefore an element that a

23  plaintiff is required to prove in order to prevail."  *DiCampli-Mintz v. Cnty. of Santa Clara*, 55 Cal.

24  4th 983, 990 (2012).  Compliance with the statute is mandatory.  *City of San Jose v. Superior*

25  *Court*, 12 Cal. 3d 447, 454 (1974) (internal citations omitted).

26        The SAC does not allege Plaintiff ever submitted a tort claim to Palo Alto, nor does he

27  submit a copy of such claim.  He attaches a claim submitted to the Santa Clara County in August

28  2022, far more than six months after he was arrested.  He claims he received the police report on

1   May 15, 2023, and thereafter submitted an amended claim.  Claims for false imprisonment and

2   false arrest accrue on the date of the arrest, however, which was January 30, 2021, because that is

3   when Plaintiff had reason to suspect Defendants were engaged wrongdoing.  *See Kassab v. Cnty.*

4   *of San Diego*, No. D057970, 2011 WL 4923744, at *7 (Cal. Ct. App. Oct. 18, 2011) (citing *Fox v.*

5   *Ethicon Endo–Surgery, Inc.*, 35 Cal.4th 797, 807 (2005) (claim accrues when there is a "suspicion

6   of wrongdoing)); *Reyes v. State*, No. B212110, 2009 WL 3298366, at *4 (Cal. Ct. App. Oct. 15,

7   2009) (holding that a false arrest claim accrues at the time of the arrest, and a false imprisonment

8   claim accrues at the time of the imprisonment, because the plaintiff "had reason to discover his

9   causes of action no later" than those dates).

10        Plaintiff alleges he is seeking permission from the state to file a late tort claim against

11   Santa Clara County.  If and when he obtains such permission, *and* can plausibly allege he has

12   satisfied the claims-presentation requirements of California Government Code, he may be able to

13   state a cognizable claim for relief under state law.[8]  But his alleged effort to be excused from

14   presenting his claims in a timely to Santa Clara County manner does not mean he has complied

15   with the state law requirement to present his tort claims to Santa Clara County and Palo Alto in a

16   timely manner; to the contrary, it means he has not.  Accordingly, the SAC does not state

17   cognizable claims for relief under state law are not cognizable.

18        8.  *Heck v. Humphrey*

19        Defendants argue Plaintiff's claims are barred because of his convictions in Stanislaus

20   County.  Plaintiff's claims are dismissed for other reasons discussed above, except for his

21   fabrication of evidence claims against Defendant Cuevas.

22        "[I]n order to recover damages for an allegedly unconstitutional conviction or

23   imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction

24   or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has

25   been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

---

[8] Plaintiff's speculation that he may obtain such relief does not justify staying this case or further delaying the resolution of the pending motions.  Moreover, the Court makes no finding as to whether Plaintiff can state a cognizable state law claim even if he satisfies the claims presentation requirements.

United States District Court
Northern District of California

authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).[9]  "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 487.  "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must therefore consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*  "But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." *Id.*

Defendants' argument under *Heck* is not persuasive because Plaintiff's claims here arise from a separate incident than his conviction.  Plaintiff was convicted in Stanislaus County for murder and gun possession based upon crimes committed on January 1, 2021.  His claims here that Cuevas fabricated evidence of gun possession on January 30, 2021, would not, if proven true, "necessarily imply" that he did not possess the gun or commit the murder 29 days earlier in a different incident in a different county.  Defendants indicate it was the same gun, but even if so, there are factual scenarios in which Plaintiff could have possessed the gun on January 1, 2021, in Stanislaus County, as his convictions establish, but not possessed it later on January 30, 2021, in Palo Alto.  Defendants may have evidence showing this did not occur, but at this stage the Court cannot consider such evidence; that is a matter for summary judgment.  Moreover, Defendants' arguments that Plaintiff's claims here "impugn" or amount to a collateral attack on his conviction do not apply the correct standard under *Heck*; his claims must "*necessarily* imply" his convictions are invalid.  *See id.* (emphasis added).  Defendants have not shown that based upon the allegations in the SAC and exhibits, and judicially noticeable materials, Plaintiff's claim against Cuevas for fabricating evidence would, if proven true, "necessarily imply" his convictions in Stanislaus

---

[9] Defendants make the same argument vis-à-vis his state-law claims under the California analog to *Heck*, *Yount v. City of Sacramento*, 43 Cal.4th 885 (2008), and this argument is rejected for the same reason as their *Heck* argument.

United States District Court
Northern District of California

---

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for leave to file a SAC is GRANTED. Defendants' motions to dismiss are DENIED.  Plaintiff's claim in the SAC against Cuevas for fabrication of evidence is cognizable to the extent described above and may proceed; all other claims are DISMISSED without leave to amend and with prejudice.  Defendants shall produce documents as provided above. [10]

In order to expedite the resolution of this case:

1. No later than **October 1, 2024**, Defendant Cuevas shall file a motion for summary judgment.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

2.  At the time the dispositive motion is served, Defendant shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

3.  Plaintiff's opposition to the summary judgment motion, if any, shall be filed with the Court and served upon Defendant no later than **October 29, 2024**.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

4.  Defendant shall file a reply brief no later than **November 12, 2024**.

---

[10] Plaintiff's motion for photocopies of documents and all future filings is DENIED because his request for photocopies form was not properly filled out insofar as he indicates he will not pay and states "bill me later."  (ECF No. 74.)  The court does not provide free photocopies, and he must pay for them when he requests them according to the instructions on the form.  If he wishes to obtain copies from the court, he must follow the instructions on the photocopy form (which he did not do insofar as he completed step three before the Clerk mailed the form back to him), of which he was mailed three copies.  If he needs more copies of the form, he may submit such a request. The clerk has sent him a copy of the docket sheet.  The subpoena submitted by Plaintiff does not explain how the records he seeks to subpoena are relevant to the claims remaining following this order.  (ECF No. 75-1.)

5.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

6.  The parties may obtain a reasonable extension of time upon a showing of good cause prior to the deadline they seek to extend.

7.  The clerk shall file the proposed Second Amended Complaint (ECF No. 64).

**IT IS SO ORDERED.**

Dated: July 2, 2024

JEFFREY S. WHITE
United States District Judge

United States District Court
Northern District of California

16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.